UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| PHILEMON ALEXANDER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 2:24-CV-68-TAV-CRW |
| | ) | | |
| WASHINGTON COUNTY, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte*, for consideration of the progress of this pro se prisoner's civil rights action under 42 U.S.C. § 1983. Summonses were issued as to defendants on July 19, 2024 [Doc. 33]. On August 19, 2024, the Court received unexecuted returns for defendants Capt. Finnie [Doc. 39], D. Morton [Doc. 45], and Sgt. Straitor [Doc. 54] with notations that these defendants are no longer employed at the Washington County Detention Center.

Plaintiffs generally have the burden of effectuating service of process on defendants. Fed. R. Civ. P. 4(c)(1). However, with regard to service of process by litigants proceeding *in forma pauperis*, the Sixth Circuit has stated as follows:

> Together, Rule 4(c)[3] and 28 U.S.C. § 1915[d] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Here, plaintiff has identified defendants by their names and statuses as former employees of the Washington County Detention Center. He has further identified Captain Finnie as a male who used a wheelchair [Doc. 39, p. 1], D. Morton as a female Lieutenant [Doc. 45, p. 1], and Sgt. Straitor as an individual who was fired for public intoxication and disorderly conduct [Doc. 54, p. 1]. Therefore, the Court finds plaintiff has sufficiently identified these defendants for purposes of service of process.

Accordingly, the Clerk is **DIRECTED** to send a copy of this Order to Washington County Sheriff, Keith Sexton, who is **ORDERED** to provide the Court with the last known address and/or any other information to which he has access that may help the U.S. Marshal to effectuate service on defendants Finnie, Morton, and/or Straitor. This information should be filed under seal with the Court within fifteen (15) days after entry of this Order. Upon receipt of this information, the Clerk is **DIRECTED** to sign and seal defendants' summonses and forward them to the U.S. Marshal for service. Fed. R. Civ. P. 4.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE