PHILEMON ALEXANDER, )
)
     Plaintiff, )
)
v. )   No.:    2:24-CV-68-TAV-CRW
)
WASHINGTON COUNTY, et al., )
)
     Defendants. )

## MEMORANDUM OPINION AND ORDER

On March 2, 2026, Plaintiff's counsel moved to withdraw her representation of Plaintiff in this prisoner's civil rights action under 42 U.S.C. § 1983 [Doc. 112]. In her motion, counsel stated that she had attempted to communicate her intentions to Plaintiff at his last known address and every available phone number and email address for Plaintiff "and his associates[,]" but that Plaintiff failed to respond to her letters or return her calls [*Id.*]. Plaintiff also failed to respond to counsel's motion to withdraw within the time to do so. *See* E.D. Tenn. L.R. 7.1. Thereafter, the Court entered an Order on April 21, 2026, granting counsel's motion to withdraw and requiring Plaintiff "to either confirm his intention to proceed with this litigation or move to dismiss this case" within 14 days [Doc. 115, p. 2]. The Court warned Plaintiff that failure to do one of these two things could result in the dismissal of this action [*Id.*]. The deadline has passed, and Plaintiff has not responded to the Order or otherwise communicated with the Court.[1]

---

[1] The Order was mailed to the last known address as provided by Plaintiff's counsel, which is the same address Plaintiff provided to the Court when he initiated this action pro se [*See* Doc. 115, p. 2 n.1].

Under Rule 41(b), the Court may dismiss an action where a plaintiff fails "to prosecute or to comply with these rules or a court order[.]" *See* Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to . . . comply with the Rules or any order of the court"). Rule 41(b) "is available to the district court as a tool to effect management of its docket and" to avoid "unnecessary burdens on the tax-supported courts[.]" *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotation marks omitted). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Plaintiff has willfully failed to comply with the Court's Order, either because he consciously chose not to respond to the Court's Order, or because he failed to keep the Court apprised of his address as required by prior orders and the Court's Local Rules. *See* E.D. Tenn. L.R. 83.13 (providing that "failure of a pro se plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case"). The Court warned Plaintiff numerous times over the course of the litigation that his case could be dismissed if he failed to timely update any change of his address [Docs. 3, 4, 24, 27, 28, 63, 73, 83, 99], and it expressly warned him that this action could

2

be dismissed if he failed to comply with the Court's April 21 Order requiring a response [Doc. 115, p. 2]. And "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues," there "is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order. Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b).

The Court **CERTIFIES** that any appeal from this Order would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Therefore, should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See id.*

IT IS SO ORDERED.

AN APPROPRIATE JUDGMENT ORDER SHALL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3